```
              THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     VICTORIA DIVISION

ANTHONY KING, JOHN RAMIREZ,    §
ET AL.,                        §
                               §
     Plaintiffs,               §
                               §
v.                             §    CIVIL ACTION NO. _____
                               §
HUNTER INDUSTRIES, LTD.,       §
HUNTER INDUSTRIES MANAGEMENT   §
COMPANY, L.C. aka HUNTER       §
INDUSTRIES MANAGEMENT          §
COMPANY, LTD., HUNTER          §
INDUSTRIES HOLDING CO., AND    §
SAN MIGUEL INTERESTS, L.C.,    §    COLLECTIVE ACTION
                               §
     Defendants.               §
```

PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

SUMMARY OF SUIT

1. Defendants Hunter Industries, Ltd., Hunter Industries Management Company, L.C., aka Hunter Industries Management Company, Ltd., Hunter Industries Holding Co., and San Miguel Interest, L.C. (collectively, the "Company"), founded in 1973, provide highway construction services. The Company is based in San Marcos, Texas, and has annual sales in excess of $25,000,000.00.

2. Plaintiffs Anthony King ("King") and John Ramirez ("Ramirez") (collectively, the "Plaintiffs") were hired as equipment operators working in the Victoria, and/or San Antonio, Texas, area at an hourly rate of pay.

3. Unfortunately, the Company did not pay the Plaintiffs and other hourly employees for all hours worked, including overtime wages for overtime hours worked. Accordingly, the Plaintiffs bring

this action to recover unpaid wages, including overtime wages, liquidated damages, and attorneys' fees owed to them as individuals and to other similarly situated employees under the Fair Labor Standards Act, 29 U.S.C. Section 216(b)(2016)("FLSA").

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 29 U.S.C. Section 216(b)(2016) and 28 U.S.C. Section 1331 (2016).

5.  The Plaintiffs bring this complaint in the district in which a substantial portion of the conduct charged herein occurred. Accordingly, venue is proper in this district pursuant to 28 U.S.C. Section 1391(b)(2016).

## THE PARTIES

6.  King is a resident of Placedo, Hays County, Texas, and was employed by the Company during the three (3) year period preceding this lawsuit. King regularly worked more than forty (40) hours per week as an equipment operator in Victoria, Texas, and the surrounding area. In performing his duties, King engaged in commerce or in the production of goods for commerce. King's consent is attached hereto as Exhibit "A."

7.  Ramirez was a resident of Victoria, Victoria County, Texas, and was employed by the Company during the three (3) year period preceding this lawsuit. Ramirez regularly worked more than forty (40) hours per week as an equipment operator in Victoria, Texas, San Antonio, Texas, and the surrounding areas. In

performing his duties, Ramirez engaged in commerce or in the production of goods for commerce. Ramirez' consent is attached hereto as Exhibit "B."

8.  The Members of the Class are current and former hourly employees, including without limitation, equipment operators, surveyors and laborers, employed by the Company in Victoria and San Antonio, Texas, during the three-year period preceding the filing of this complaint. Like the Plaintiffs, these individuals engaged in commerce or in the production of goods for commerce in performing their duties for the Company.

9.  Defendant Hunter Industries, Ltd., a domestic limited partnership, is an enterprise engaged in commerce within the meaning of the FLSA and has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs. Defendant Hunter Industries, Ltd., may be served with process by serving its registered agent, John Weisman at 4501 Hunter Road, San Marcos, Texas 78667.

10.  Defendant Hunter Industries Management Co., L.C., a Texas limited company and general partner of Defendant Hunter Industries, Ltd., engaged in commerce within the meaning of the FLSA and has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs. Defendant Hunter Industries Management Co., L.C., may be served with process by serving its registered agent, John Weisman at 4501 Hunter Road, San Marcos, Texas 78667.

11.  Defendant Hunter Industries Holding Company, Ltd., a Texas limited partnership and managing member of Defendant Hunter Industries Management Co., L.C., engaged in commerce within the meaning of the FLSA and has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs. Defendant Hunter Industries Holding Company, Ltd., may be served with process by serving its registered agent, John Weisman at 4501 Hunter Road, San Marcos, Texas 78667.

12.  Defendant San Miguel Interests, L.C., a Texas limited liability company and general partner of Defendant Hunter Industries Holding Company, Ltd., engaged in commerce within the meaning of the FLSA and has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs. Defendant San Miguel Interests, L.C., may be served with process by serving its registered agent, John Weisman at 4501 Hunter Road, San Marcos, Texas 78667.

## FACTUAL BACKGROUND

13.  King was hired by the Company in Victoria, Texas, as an equipment operator. King worked for the Company in Victoria, Texas, and the surrounding area. Unfortunately, the Company failed to pay King for all hours worked, including overtime hours. Similarly, other hourly employees, including without limitation, equipment operators, surveyors and laborers, were not paid for all hours worked, including overtime hours at time-and-one-half their

regular rate for all such hours worked.

14.  Ramirez was hired by the Company in Victoria, Texas, as an equipment operator.  After working for the Company in Victoria, Texas, Ramirez was transferred to San Antonio, Texas.  Unfortunately, the Company failed to pay Ramirez for all hours worked in both Victoria and San Antonio, Texas, including overtime hours.  Similarly, other hourly employees, including without limitation, equipment operators, surveyors and laborers in both Victoria and San Antonio, Texas, were not paid for all hours worked, including overtime hours sy time-and-one-half their regular rate for all such hours worked.

PLAINTIFF'S INDIVIDUAL ALLEGATIONS

Failure to Pay Overtime

15.  At all times material to their employment, the Plaintiffs regularly worked more than forty (40) hours in a workweek for which they were entitled to be paid overtime compensation at one and one-half (1½) times their regular rate of pay.  29 U.S.C. § 207 (2016).

16.  No exemption excuses the Company from paying the Plaintiffs overtime compensation nor has the Company made a good faith effort to comply with the FLSA.  Instead, the Company knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice regarding the manner in which the Plaintiffs were compensated.

17.  Accordingly, the Company's practice of failing to

compensate the Plaintiffs for all overtime hours worked in both Victoria and San Antonio, Texas, is and was a clear violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

18. Other hourly employees, including equipment operators, surveyors and laborers, both in Victoria and San Antonio, Texas, have been subjected to the Company's pay practices and policies which are in willful violation of the FLSA. Further, each member of the Class is or has been paid according to the same payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individual1y applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

19. The Company's failure to pay overtime compensation as required by the FLSA results from a generally applicable policy and job requirements that do not depend on the personal circumstances of the Members of the Class. This generally applicable policy is specifically prohibited by the FLSA. Thus, the Plaintiffs' experiences are typical of the experiences of the Members of the Class.

20. No justification exists for the Company's failure to pay the Members of the Class for all hours worked. Additionally, no exemption excuses the Company from paying the Members of the Class

overtime pay for all hours worked over forty (40) per workweek. Further, the Company has failed to make a good faith effort to comply with the FLSA. As such, the Company knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

21.   Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> All current and former hourly employees of the Company, including without limitation, equipment operators, surveyors, and laborers, working in Victoria and San Antonio, Texas, and the surround areas, during the three-year period preceding the filing of this complaint.

## CAUSE OF ACTION

### Violations of the FLSA

22.   The Plaintiffs incorporates the allegations contained in paragraphs 1 through 21.

23.   The Company's practice of failing to pay the Plaintiffs and the Members of the Class overtime compensation for overtime hours worked at one and one-half (1½) times their regular rate of pay, was and is in violation of the FLSA.

24.   Accordingly, the Plaintiffs and the Members of the Class are entitled to unpaid overtime compensation in an amount which is one and one-half times (1½) their appropriate regular rate of pay.

25.   Additionally, the Plaintiffs and the Members of the Class are entitled to an amount equal to all of their unpaid overtime

compensation, as liquidated damages.

26. Finally, the Plaintiffs and the Members of the Class are entitled to reasonable attorneys' fees and costs of this action. 29 U.S.C. Section 216(b)(2016).

PRAYER

WHEREFORE, the Plaintiffs and the Members of the Class request that this Court award them judgment against Defendants Hunter Industries, Ltd., Hunter Industries Management Company, L.C., aka Hunter Industries Management Company, Ltd., Hunter Industries Holding Co., and San Miguel Interest, L.C., jointly and severally, for the following:

a. damages for the full amount of their unpaid overtime compensation;

b. an amount equal to their overtime compensation, as liquidated damages;

c. reasonable attorneys' fees, costs and expenses of this action;

d. pre-judgment and post-judgment interest at the highest rates allowable by law; and

e. such other and further relief as may be allowed by law.

Respectfully submitted,

/S/ Mark Siurek
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com

LAW OFFICES OF GENNARO DU TERRIOL
Gennaro Du Terroil
TBA# 24068093
18756 Stone Oak Pkwy, Suite 200
San Antonio, Texas 78258
210-998-5645 (telephone)
210-495-4670 (fax)
cibelliterroil@outlook.com